IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jimmy D. Meggs, | C.A. No. 8:10-cv-1774-TLW-JDA |
| Petitioner, | |
| vs. | ORDER |
| Warden Knowlin, | |
| Respondent. | |

The *pro se* petitioner, an inmate at the South Carolina Department of Corrections, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. (Doc. # 1). The respondent filed a return and motion for summary judgment on November 19, 2010. (Docs. # 19 and # 21). Additional attachments to the return were filed on November 22, 2010 and April 27, 2011.[1] (Docs. # 24 & 47). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed November 22, 2010 that he had thirty-four (34) days to file any material in opposition to the motion for summary judgement. (Doc. # 25). Petitioner filed his response to the respondent's motion for summary judgment on February 3, 2011, with additional attachments filed on February 8, 2011. (Docs. # 35 & # 37).

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Jacquelyn D. Austin, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In

---

[1] The Court notes that the additional documents filed on April 27, 2011 are addressed in footnote 2 of the Report and Recommendation.

1

her Report, Magistrate Judge Austin recommends that the respondent's motion for summary judgment be granted, and that the petition be denied. (Doc. # 48). Petitioner has filed objections to the Report. (Doc. # 50).[2]

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

---

[2]On May 12, 2011, Petitioner also filed a third motion for appointment of counsel, which respondents oppose. (See Docs. # 52 & # 54 respectively). Petitioner's first motion for counsel was filed on December 10, 2010, and was denied by Order filed December 14, 2010. His second motion for appointment of counsel was filed January 14, 2011 and was denied by Text Order entered on March 3, 2011. After careful review, the Court finds the instant motion to be without sufficient merit.

As to petitioner's request for the appointment of counsel, there is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[S]ince a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, ... he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process."). A court may provide counsel for an indigent habeas applicant when "the court determines that the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B). Rule 6(a) of the Rules Governing § 2254 Cases in the United States District Courts discusses appointments of counsel where it is "necessary for effective utilization of discovery procedures." Rule 8(c) discusses counsel appointments "[i]f an evidentiary hearing is required." Moreover, the Fourth Circuit has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as when a case is particularly complex or a litigant is unable to represent himself adequately. Whisenant v. Yuam, 739 F .2d 160, 163 (4th Cir.1984) (abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989)); see generally, Cook v. Bounds, 518 F.2d 779, 780 (4th Cir.1975). Pursuant to these authorities, petitioner is not entitled to counsel in this proceeding, and his Motion to Appoint Counsel is **DENIED** (Doc. # 52).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 48), petitioner's objections are **OVERRULED** (Doc. # 50); and respondent's motion for summary judgment is **GRANTED** (Doc. # 19) and this petition is **DISMISSED**.

**IT IS SO ORDERED.**

        s/ Terry L. Wooten
        **TERRY L. WOOTEN**
        **UNITED STATES DISTRICT JUDGE**

July 12, 2011
Florence, South Carolina